[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15396
Non-Argument Calendar
_____

D. C. Docket No. 04-00051-CR-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRACY KAPRICE COTTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 26, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges,

PER CURIAM:

Tracy Kaprice Cotton appeals her 108-month sentence for attempting to

manufacture more than 50 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, which was imposed upon resentencing under an advisory guidelines scheme after United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed 621 (2005). On appeal, Cotton argues that the district court violated her Sixth Amendment right to trial by jury, in light of Booker, when it enhanced her sentence based on facts that were not charged in the indictment, proven to a jury, or admitted by her. She maintains that even though the district court sentenced her under an advisory guidelines scheme, because the court based its sentence upon guidelines that were calculated in violation of her Sixth Amendment rights, the constitutional defect remains, and her base offense level should have been calculated without any enhancements, so as not to exceed the "prescribed statutory maximum."

Because Cotton raised a constitutional objection to her sentence before the district court based on Booker, we review the constitutional issue de novo, but will reverse only for a harmful error. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). In Booker, the Supreme Court held that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial, and, as a remedy, excised the portion of the guidelines mandating that district courts impose a sentence within the applicable

2

guidelines range. Id. at 258-59, 125 S.Ct. at 764. We have held that, after Booker, "the district court remains obliged to 'consult' and 'take into account' the Guidelines in sentencing," and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (emphasis in original). Also after Booker, a district court, in determining a reasonable sentence, is required to take into account the advisory guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a). See Booker, 543 U.S. at 259-60, 125 S.Ct. at 764-66. "The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." United States v. Scott, 426 F.3d 1324, 1328-29 (11th Cir. 2005) (citing 18 U.S.C. § 3553(a)).

Because Cotton was sentenced under an advisory guidelines scheme, no constitutional error occurred in her resentencing. Accordingly, we affirm her sentence.

**AFFIRMED.**